UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MARTINUS, MARIANNE
MARTINUS, MARTINUS FAMILY
PROTECTION TRUST u/a/d MAY 6, 2019,
and MARY'S COZY WATER FRONT
COTTAGE, LLC,

    Plaintiffs,

v.

VILLAGE OF SPRING LAKE,

    Defendant.
_____/

Case No. 1:20-cv-985

HON. JANET T. NEFF

**OPINION AND ORDER**

This lawsuit arises from damage to properties along the Grand River in the Village of Spring Lake. Plaintiffs Richard Martinus, Marianne Martinus, the Martinus Family Protection Trust u/a/d May 6, 2019, and Mary's Cozy Water Front Cottage, LLC ("Plaintiffs") filed their amended complaint against Defendant on February 28, 2022 (ECF No. 94). Defendant moved for partial summary judgment (ECF No. 112) and summary judgment (ECF No. 117). The Magistrate Judge issued a Report and Recommendation (R&R) recommending summary judgment be awarded in favor of Defendant and that the case be dismissed (ECF No. 121). The matter is presently before the Court on Plaintiffs' objections to the R&R (ECF No. 122) and Defendant's response (ECF No. 123). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiffs raise four objections to the R&R (ECF No. 122).  In their first objection, Plaintiffs argue that the Magistrate Judge incorrectly determined that the easement for the bike path was not a contract and therefore the breach of contract claim should be dismissed (*id.* at PageID.742).  They assert that the Magistrate Judge misapplied Michigan law because (1) a contract is required to create an easement under Michigan law, (2) "easements are treated like contracts," and (3) "Michigan law defines contracts in broad and inclusive terms" (*id*. at PageID.745).  Plaintiffs do not take issue with the Magistrate Judge's analysis of the rights addressed within the easement, but contend it was an error to dismiss Count III on the grounds that the easement was not a contract (*id*.).

Defendant responds that the Magistrate Judge correctly dismissed the breach of contract claim because the easement was not a contract under Michigan law (ECF No. 123 at PageID.766).  Defendant agrees with the Magistrate Judge's reasoning, highlighting that Plaintiffs were not a party to the easement (*id*.).  Defendant asserts that even the cases cited by Plaintiffs to support their objection do not conclude that easements are contracts (*id*.).

The Magistrate Judge correctly applied Michigan law and reached the right conclusion: the easement was not a contract, and the breach of contract claim must be dismissed.  Plaintiffs did not have a contract to enforce against Defendant.  Rather, as the Magistrate Judge correctly stated, "[Defendant's] only affirmative duty under the easement is to restore the property in the event it shall 'become necessary to enter upon the Easement'" for a stated purpose such as maintenance or repair of the bike path (ECF No. 121 at PageID.735).  Plaintiffs' first objection is denied.

Plaintiffs argue in their second objection that the Magistrate Judge erred in concluding that Plaintiffs failed to allege events that trigger Defendant's duty to restore the bicycle path and that the Magistrate Judge "ignored the very purpose for the easement" (ECF No. 122 at PageID.746).

2

Plaintiffs contend the purpose of the easement was to compel Defendant to (1) upkeep the bicycle path and (2) restore Plaintiffs' land whenever it is used by Defendant to maintain the bike path (*id*. at PageID.747).  The Magistrate Judge concluded that Defendant's only duty was to restore Plaintiffs' "property in the event it shall 'become necessary to enter upon the Easement for the purpose of maintenance, repair, replacement, construction or reinstallation of such [bike path]'" (ECF No. 121 ag PageID.735).  The Magistrate Judge held that Plaintiffs failed to allege the events that would trigger Defendant's obligations, specifically, Plaintiffs did not allege that Defendants used Plaintiffs' property to work on the bike path and then failed to restore Plaintiffs' property from that use (*id*.).  Plaintiffs argue they did in fact make sufficient allegations to require action by Defendant to fix their property from flood damage (ECF No. 122 at PageID.748-749).

Defendant responds that "there is nothing in the Easement which obligates [Defendant] to maintain, repair, replace, or reinstall any portion of the bike path or keep the bike path in working order" (ECF No. 123 at PageID.767).  Rather, the Easement provides Defendant the right to enter their property for those purposes (*id*.).  Since Plaintiffs' amended complaint did not allege that Defendant entered their property for any purpose related to the bike path, Defendant was not compelled to restore their property under the easement (*id*.).

Plaintiffs have failed to demonstrate any error in the Magistrate Judge's analysis or conclusion.  Without allegation from Plaintiffs that Defendant entered the property to maintain, restore, repair, replace, or reinstall the bike path, Defendant did not owe Plaintiffs any duty to restore their property.  The Magistrate Judge correctly analyzed the easement under Michigan law and reached the correct conclusion.  Plaintiffs' second objection is therefore denied.

Plaintiffs next object to the Magistrate Judge's recommendation that their trespass and nuisance claims are barred by the statute of limitations (ECF No. 122 at PageID.749).  They argue

3

it was erroneous for the Magistrate Judge to conclude that both the wrong and the harm underlying their trespass and nuisance claims occurred when the bike path was built in 2011 (*id.*). Plaintiffs assert that the statute of limitations began to run when both the wrong and the harm coexisted—which Plaintiffs contend was in 2019, when their property flooded (*id.*).

Defendant responds first by pointing out that Plaintiffs' objection fails to address that the trespass and nuisance (as to any monetary damages) were dismissed pursuant to governmental immunity (ECF No. 123 at PageID.768). Further, Defendant argues dismissal was proper because the wrong triggers the statute of limitations "regardless of when the damage results." *Trentadue v. Buckler Automobile Sprinkler Co.*, 479 Mich. 378, 387 (2007). Finally, Defendant argues that the Magistrate Judge's recommendation to dismiss Plaintiffs' trespass and nuisance claims "makes perfect sense" (ECF No. 123 at PageID.769). Specifically, a ruling the other way would expose Defendant (and other municipalities) to perpetual liability because the harm Plaintiffs allege occurred eight years after the bike path was built (*id.*).

The Magistrate Judge correctly concluded that the trespass and nuisance claims should be dismissed. The Magistrate Judge correctly applied the law, finding that "the three-year limitations period for property damage claims arising out of nuisance or negligence begin running from the time that the claim accrues, which occurs when the wrong upon which the claim is based 'was done regardless of the time when damage results'" (ECF No. 121 at PageID.738) (citing *Burton v. Michigan Sugar Co.*, No. 341155, 2019 WL 1211455 at *3 (Mich. App. March 14, 2019). Plaintiffs' third objection is overruled.

Plaintiffs' final objection concerns the Magistrate Judge's recommendation to dismiss the federal and state inverse condemnation claims *sua sponte* (ECF No. 122 at PageID.754). Specifically, Plaintiffs contend that this result could not have been reached had the Magistrate

4

Judge viewed the facts in the light most favorable to Plaintiffs (*id*.). Plaintiffs focus this objection on the Magistrate Judge's analysis of the expert opinions regarding the effects of the bicycle path on the flooding of Plaintiffs' properties (*id*.).

Defendant first responds by examining the expert testimony, highlighting that "the elevations in [P]laintiffs' property were below the flood plain elevation both before and after the bike path was built" (ECF No. 117-1, PageID.563; ECF No. 123 at PageID.771). Defendant next argues that the Magistrate Judge was correct in its disposition of the federal and state inverse condemnation claims because Plaintiffs failed to show that the bike path construction caused a diminution of Plaintiffs' property value (ECF NO. 123 at PageID.771). The Magistrate Judge, as Defendant points out, limited its analysis to the allegations in the amended complaint: that flooding from the Grand River was the predicate for Plaintiffs' inverse condemnation claims (*id*. at PageID.772). Finally, Defendant argues that the Magistrate Judge correctly concluded that the property could not have been 'taken' because Plaintiffs did not own 209 S. Park St. when the bike path was constructed (*id*. at PageID.773).

Plaintiffs have failed to demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge correctly analyzed Plaintiffs' amended complaint, which focuses the takings claims on the surface runoff and not flooding from the Grand River. The Magistrate Judge applied the correct summary judgment standard, considered the expert testimony provided by Plaintiffs in the light most favorable to them, and reached the correct conclusion. Plaintiffs' final objection is overruled.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiffs' objections (ECF No. 122) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 121) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motions for summary judgment (ECF Nos. 112, 117) are GRANTED.

**IT IS FURTHER ORDERED** that this case is DISMISSED with prejudice.

Dated:  March 16, 2023                              /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge